Timothy J. Petumenos, Esq.
ABA No. 7611147
Birch Horton Bittner and Cherot
1127 West 7th Avenue
Anchorage, AK 99501
(907) 276-1550 Phone
(907) 276-3680 Fax
tpetumenos@bhb.com

Kerry L. Timbers, Esq.
Bromberg Sunstein, LLP
125 Summer Street
Boston MA 02110-1618
(617) 443-9292 Phone
(617) 443-0004 Fax
www.Bromsun.com

RECEIVED
DEC 2 0 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

UNITED STATES DISCTICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAVID A. MCGUIRE, M.D. AND E. MARLOWE GOBLE, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> ARTHROCARE CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 3:07-CV-00259 TMB <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiffs David A. McGuire, M.D. and E. Marlow Goble, M.D. ("Drs. McGuire and Goble) for their complaint against defendant ArthroCare Corporation ("ArthroCare"), state and allege as follows:

## PARTIES

1. Plaintiff David A. McGuire, M.D. is an individual located at 4100 Lake Otis Parkway, Suite 320, Anchorage, AK 99508.

2. Plaintiff E. Marlowe Goble, M.D., is an individual located at 2380 North 400 East, Suite G, North Logan Utah 84341.

3. Upon information and belief, Defendant, ArthroCare Corporate ("ArthroCare"), is a corporate incorporated under the laws of Delaware with a principal place of business at 7500 Rialto Boulevard, Building Two, Suite 100, Austin, Texas 78735.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over ArthroCare under A.S. 09.05.015, for the reasons that ArthroCare commits acts of inducement of patent infringement and contributory patent infringement, as more fully described below, in whole or in part, in Alaska.

5. This is an action for infringement of a United States Patent under 35 U.S.C. § 271. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is this district us proper under 28 U.S.C. 1391(c) and 1400(b).

## GENERAL ALLEGATIONS

7. On March 7, 1995, United States Patent No. 34,871 ("the 871 patent"), entitled "Process of Endosteal Fixation of a Ligament," was lawfully issued as a reissue of United States Patent No. 4,927,421.

BIRCH, HORTON, BITTNER AND CHEROT
ATTORNEYS AT LAW
1127 WEST SEVENTH AVENUE
ANCHORAGE, ALASKA 99501-3399
TELEPHONE (907) 276-1550 • FACSIMILE (907) 276-3680

8. A copy of the '871 Patent is appended hereto as Exhibit A and incorporated herein.

9. Plaintiffs are the sole owners of all right, title and interest in, to and under both the '871 patent and to all rights of recovery thereunder.

10. The '871 patent has not expired and is in full force and effect.

11. On information and belief, ArthroCare has been aware of the existence of the '8712 patent since at lease as early as the date of filing of this Complaint.

12. Starting on a date currently unknown to Plaintiffs, ArthroCare has sold and is selling and/or has offered and is offering to sell one or more devices, including cannulated interference screws used in anterior cruciate ligament reconstruction surgery, the use of which infringes the method of the '871 patent, constituting a material part of the invention of the '871 patent. Upon information and belief, ArthroCare does so knowing that each devise is especially made or adapted for use in the infringing method, and is not a staple item or commodity of commerce suitable for substantial noninfringing use.

13. Upon information and belief, ArthroCare has been aware that Plaintiffs allege that the action set forth in paragraphs 11-13 infringe the '871 patent, since at least as early as the date of filing of this Complaint.

14. Upon information and belief, ArthroCare has committed and is committing the acts itemized in paragraphs 12-13 with knowledge and intent that specific actions be taken by customers, suppliers, health care providers and/or others, and has assisted said customers, suppliers, health care providers and/or others in so doing. Upon information and belief, ArthroCare knew or should have

known that its actions would induce actual infringement of the '871 patent. Upon information and belief, ArthroCare had specific intent to encourage infringements by others.

15. ArthroCare has offered and is offering for sale the devices referenced in paragraph 12 in the State of Alaska. Upon information and belief, ArthroCare has sold and is selling the devices reference in paragraph 12 in the state of Alaska.

## COUNT 1
### (Patent Infringement)

For its cause of action against ArthroCare, Plaintiffs allege as follows:

16. Plaintiffs incorporate by reference paragraphs 1-15 above as though fully set out herein.

17. The actions of ArthroCare infringe the '871 patent because they constitute contributory patent infringement and inducement of patent infringement, all in violation of 35 U.S.C. § 271.

18. By reason of the aforesaid infringement, Plaintiffs are damaged and are entitled to damages adequate to compensate for the infringement by ArthroCare, but in no event less than a reasonable royalty for the use made of the invention by ArthroCare as provided under the terms and provisions of 35 U.S.C. § 284.

19. Plaintiffs without an adequate remedy at law for the infringement of the '871 patent.

20. Plaintiffs are entitled to permanent injunctive relief as provided under the terms and provisions of 35 U.S.C. § 283.

WHEREFORE, Drs. McGuire and Goble, pray that the Court enter a judgment and decree:

1. Permanently enjoining and restraining ArtrhoCare its officers, agents, subsidiaries, principals, successors-in-interest, and those acting in concert with them, including their employees, from indirectly infringing or inducing the infringement of the '871 patent.

2. Awarding Plaintiffs damages arising from such inducement and contributory infringement by ArthroCare, including an assessment if interests and costs;

3. Adjudging that the '871 patent is good and valid and is owned by Plaintiffs and has been infringed by ArthroCare.

4. Ordering ArthroCare to pay the costs herein incurred by Plaintiffs and that prejudgment interest can be awarded for any amounts of actual damages

5. Granting Plaintiffs such further relief as the circumstances of the case may require and that the court may deem just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

DATED at Anchorage, Alaska this 20th day of December, 2007.

BIRCH HORTON BITTNER AND CHEROT
Attorneys for Plaintiff David A. McGuire

By: _____
Timothy J. Petumenos
Alaska Bar No. 7611147